THE PORT HURON SAVINGS BANK v. EUGENE M. CARLETON ET AL.

WRIT OF ERROR—DISMISSAL OF FOR WANT OF PROSECUTION.

Motion by plaintiff and appellee to dismiss writ of error for want of prosecution. Granted March 24, 1896, unless the defendants and appellants pay to the plaintiff's attorneys an attorney fee of $15 forthwith, and consent that the case stand for hearing at the April, 1896, term of Court.

*Atkinson & Wolcott*, for motion, contended:

1. That the rules of the Supreme Court applicable to this motion are:

*a*—Rule No. 11, which provides for the filing in the office of the clerk of the Supreme Court of the writ of error, with a return containing a transcript of the record and proceedings in the court below, on or before the return day of the writ.

*b*—Rule No. 12, which provides that a party suing out a writ of error shall have ten days after the return day in which to assign errors and serve copies of said assignments.

*c*—Rule No. 16, which provides that in case of a failure to comply with the foregoing rules the appellee may move to dismiss the writ of error for want of prosecution.

*d*—Rule No. 20, which provides that the Court may grant such motion or deny the same on such terms and conditions as the justice of the case may require.

2. The rules cited have been considered in the following cases:

*a*—*Lathrop & Hicks*, 2 Doug. 223, where Hicks, as indorsee, brought *assumpsit* against Lathrop, as maker, of a promissory note, but omitted to describe the note in the declaration as containing words of negotiability. Lathrop pleaded the general issue, after which, by stipulation of the parties, the plea was withdrawn, in consideration of an agreement for a stay of execution for a specified time, and judgment was entered against Lathrop for the amount of the note. Lathrop sued out a writ of error, but failed to file the transcript as required by Rule No. 11. He then moved for leave to file said transcript, and, as an excuse for his laches, his attorney made affidavit that at the time of the service of the writ of error on the clerk that officer, or his deputy, in answer to affiant's request promised to make out and deliver to affiant said transcript within the time required by said rule, and also inform affiant when the transcript was ready; that affiant relied upon said promises, and, until a short time before the making of the motion, supposed that said transcript had been filed.

In opposition to the motion, the counter affidavit of the attorney for the appellee was read, setting forth the facts above stated relative to the proceedings in the lower court, and also that the deponent was ignorant of the omission from the declaration of said words of negotiability until after the issuance of the writ of error.

And in denying the motion and granting a counter motion to docket and dismiss the case it was held that no excuse could be much less reasonable than the one offered; that the attorney appears merely to have served the writ of error upon the clerk, and obtained his promise to make out the transcript promptly, and deliver it to said attorney within the 40 days allowed for filing it, and also to inform him when it was ready; that the promise of the clerk was doubtless made in good faith, and, for anything that appears in the case, he may have made the transcript promptly, but, as the rule did not impose upon him the duty of filing it, the attorney was bound to obtain and file it.

That were there no other facts in the case, except those which appeared in the affidavit of appellant's attorney, the Court would be inclined to deny the motion on the ground of the insufficiency of the excuse shown for the neglect to file the transcript; that the Court does not choose to rest its decision on this ground solely, as further facts

appear in the counter affidavit of the appellee's attorney.

That it was insisted on the hearing that as merits were sworn to in support of the motion, this counter affidavit could not be received; that said counter affidavit does not deny the merits sworn to; that it expressly admits that there is error in the record; that its purpose is to show such a state of facts as renders it bad faith for the appellant to take advantage of the error; that the affidavit should be received; citing *Quinn v. Riley,* 3 Johns. 248, where such an affidavit was received for a similar purpose.

That the further objection to the reading of the counter affidavit, on the ground that no copy had been served on the attorney for the appellant, is untenable; that counter affidavits, in opposition to a motion, may be read without being served; citing *Strong v. Planter,* 5 Cow. 21; *Campbell v. Grove,* 2 Johns. Cas. 105.

That it is well settled that the Court will not relieve a defendant against a default, where he lies by and allows an inquest to be taken, supposing the plaintiff's proceedings to be irregular; that, in this case, the defect relied upon for the reversal of the judgment does not go to the substantial merits of the action; that after entering into the stipulation withdrawing the plea, and obtaining stay of execution, and, without objection, suffering judgment by default to be rendered against him, it is at least against good faith for the appellant to avail himself of such a defect on error; that upon the whole case the ends of justice will not be promoted by granting appellant's motion.

*b—Scott v. Scott,* 5 Mich. 106, where a motion was made to reinstate a case, the writ of error in which had been dismissed on *ex parte* motion for want of prosecution. The affidavit filed in support of the motion showed that the writ was brought in good faith, and in the belief that the judgment would be reversed; that assignments of error had not been filed for the reason that negotiations for a settlement had been going on between the parties, and that the attorney for appellants had a verbal understanding with the attorney for the appellees that such assignments need not be filed until the latter had notified the former to file them, and that no such notification had been given.

The motion was opposed on an affidavit of the appellee's attorney in substance denying the understanding claimed, and stating that before the last term he had notified the attorney for appellants to proceed in the case. Reliance was also placed on Supreme Court Rule No. 6, which requires agreements between attorneys to be in writing, to which claim the attorney for the appellants replied that when, as in said case, there had been a misunderstanding between the parties, it was an ordinary exercise of the power of the court to relieve a party, who had acted in good faith, against the consequences; citing *Wager v. Stickle,* 3 Paige, 407.

*c—Carne v. Hall,* 7 Mich. 159, where a motion for a new trial in a breach of promise case, in which plaintiff had recovered a verdict for $5,000, was granted unless the plaintiff would consent to reduce the damages to $2,000, which she assented to, and a *remittitur* was entered accordingly; that two days before the expiration of the two years allowed for taking out a writ of error, a writ was issued, and delivered to the clerk, but no return made; that about four months after the return day of the writ a motion was made to dismiss the writ for want of prosecution.

That to excuse the delay that had occurred, the acting attorney for the appellant made affidavit that no execution had been issued; that the deponent had only taken charge of the case within the last year, and after the removal of the attorney of record to Chicago; that his taking charge of it was in the expectation that said attorney would continue to take an interest in the case; that deponent supposed that said attorney had made arrangements to have return made to the writ; that deponent had had many conversations with one of plaintiff's attorneys, in which deponent proposed to have the verdict set aside and a new trial; that said attorney gave deponent to understand that this would be done provided the case should be tried for the defendant by the same counsel as before; that deponent relied upon this or some other arrangement being made, and therefore suffered the matter to remain, expecting reasonable notice if it was desired by the counsel for plaintiff that the case should be prosecuted in error; that the clerk of the circuit court had, without any authority from said attorney of record, neglected or declined to make such return only because no arrangement had been made to pay him his fees; that deponent had but just learned that fact; that he should have attended to the matter before, but he supposed a return had been made.

And it was held that the motion should be granted; that the affidavit gave no valid excuse for the delay; that it does not show any interview had with the clerk since the issuing of the writ of

error, or that he had ever been requested to make a return; that on the contrary it shows affirmatively that appellant's counsel had not designed to prosecute the case in error until notified by the opposite side, relying as stated upon some understanding; that the affidavit is evasive, and in the absence of a showing of good excuse for the delay the circumstances do not call for indulgence on other grounds.

The motion was granted on payment of $10 costs and the filing and service within 3 days of assignments of error, coupled with an order that the case be placed upon the docket for hearing at the then present term.

*d—Woodmansie v. Hollon,* 16 Mich. 379, where a writ of error was sued out January 17, 1868, returnable February 18, 1868, but the return was not made until February 21, 1868. Notice that the writ had been served upon the clerk of the trial court and a bond duly filed was served on the day the writ issued. It appeared that the attorney for the appellee examined the writ in the clerk's office before the return day thereof, but that the notice required by Supreme Court Rule No. 10 was not served. On February 19 a motion was made to dismiss the writ, and two days later the return was filed.

And it was held that inasmuch as the attorney for the appellee had knowledge of the writ and of its contents, he had all the information he would have received from a technical notice; that the filing of the return before the motion was heard would, according to the usual practice, prevent the dismissal of the writ, but inasmuch as notice of the motion was given before the return was filed, costs would be allowed to the moving party.

*Phillips & Jenks, contra.*

The facts as shown by the affidavit of Frank T. Wolcott, one of the attorneys for the appellees, filed in support of said motion were:

*a—*That this is one of the three suits commenced by declaration in the circuit court for St. Clair county upon certain promissory notes given by the defendants and discounted by the plaintiff in the usual course of its banking business.

*b—*That on January 24, 1895, a judgment was directed in favor of the plaintiff in this suit, and by stipulation judgments were entered in the remaining cases for the amount due on the note sued upon therein; that said latter cases

were to abide the result of this case in the Supreme Court, where it was to be removed by the defendants.

*c—*That upon the trial it appeared in the pleadings that the notes sued upon were given on the purchase of an engine, boiler, and other machinery for a vessel owned by the defendants, who sought to recoup damages on account of defective fastening of the boiler, and consequent injuries suffered by them or their vessel.

*d—*That on May 14, 1895, a bill of exceptions was settled and filed in this case, after which a bond was filed to stay execution; that on January 8, 1896, deponents firm received notice of the issuance of a writ of error in the case, returnable February 15, 1896; that said writ was not returned and filed until February 26, 1896, and no assignments of error have been filed or copy served.

An affidavit in opposition to said motion made by P. H. Phillips, one of appellant's attorneys, was filed, in which it was averred:

*a—*That immediately after the attorneys for the plaintiff had indorsed upon the bill of exceptions in this case their consent to its being signed as proposed, it was handed to the circuit judge for signing; that he informed the deponent that he would examine the bill, and if he found any changes necessary would notify deponent, and, if not, would sign and file it with the clerk.

*b—*That soon afterwards negotiations for a settlement of the judgment were opened between one of the attorneys for the appellants and one of the defendants; that such negotiations were had with the knowledge of plaintiff's cashier and of its attorneys; that said negotiations continued up to about March 5, 1896; that a few days subsequent to said date deponent received a letter from said defendant, announcing the impossibility of reaching a settlement, whereupon deponent handed the record in the case to the printers, in whose hands it now is, and is being printed for the hearing in this case.

*c—*That the delay in making return to said writ occurred as follows: Sometime

after the delivery of the bill of exceptions to the circuit judge he filed the same with the county clerk, but through inadvertence failed to sign the bill; that deponent was ignorant of this fact until the return day of said writ, at which time the circuit judge was absent from Port Huron, where his court was held; that as soon thereafter as was possible deponent, in open court and in the presence of plaintiff's attorneys, called the attention of the circuit judge to said omission, whereupon he, with the knowledge and consent of said attorneys, signed said bill, and the writ of error was immediately returned, with the required transcript to the Supreme Court.

d—That there is no intention on the part of the appellants to delay the collection of said judgment; that the delay which has occurred since the settlement of the bill of exceptions has been occasioned by said negotiations for a settlement; that at no time has there been any effort made on the part of the attorneys for the plaintiff to have the case pushed to an early hearing in the Supreme Court.

e—That since the service of this motion, deponent has caused to be served on the attorneys for the plaintiff and to be filed in this Court the assignments of error; that the failure to serve same was a mere oversight, and that deponent supposed the same had been done.

f—That the principal defendant, who has had charge of this case, lives in Cleveland, Ohio; that since the service of this motion deponent has been unable, by reason of the absence from home of said defendant, to obtain an affidavit from him in connection herewith; that if said writ of error is dismissed, said defendants will be deprived of a review of the case, and great and irreparable injury will be done to them.